IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case Nos. 98–cr–00140–ZLW, 99-cr-00434–LTB, and 05–cr–00052–REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  SALVATORE CARMINE ANDRETTI,
      a.k.a. Sal Andretti,

      Defendant.

---

## ORDER CONCERNING CASE RE-ASSIGNMENT

---

This matter has come before the court on a pleading styled "Government's Notice, Request for Transfer, and Special Assignment Pursuant to D.COLO.LCr 50.1(C)(2)." The Government correctly recites that the probation department has submitted petitions in each of the above-numbered cases, alleging that Defendant has violated the terms and conditions of his supervised release in each case. As indicated by the initials in each case number, the oldest case is assigned to Senior Judge Zita L. Weinshienk; the next, to Judge Lewis T. Babcock; and the newest, to Judge Robert E. Blackburn. The Government requests re-assignment of all three cases to Judge Blackburn.

Contrary to the Government's suggestion, there is no local rule expressly covering this situation. The judges of the court have therefore considered the matter *en banc*. This order is entered as a result of that *en banc* consideration.

Local criminal rule 50.1C.2, cited by the Government, provides:

> On filing *a new criminal case*, the United States Attorney shall notify the clerk in writing when that defendant is serving a sentence of probation or supervised release imposed by a district judge currently serving on this court and the case shall be assigned to that judge.

D.C.COLO.LCrR 50C.2 (emphasis supplied). Because no new criminal case has been filed, the rule does not apply.

Although local criminal rule 50C.2 does not apply, both that rule and the parallel civil rule concerning special assignments, D.C.COLO.LCivR 40.1.C, provide analogous guidance and reflect the court's long-standing practice of assigning newer matters in a proposed multiple-case re-assignment to the judge handling the oldest matter. One purpose of this practice is to minimize the opportunity for actual or perceived judge shopping.

Because the oldest case has been assigned to Judge Weinshienk, all three cases would ordinarily be re-assigned to her under the court's analogous rules and practice. Exercising her prerogative as a senior judge, however, Judge Weinshienk has asked to be recused from accepting the re-assignment. It is therefore

**ORDERED** that the Government's request is GRANTED in part and DENIED in part. All three matters are hereby assigned to Judge Lewis T. Babcock.

Dated this 21st day of February, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge